IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VIVIANA RAMIREZ-VARGAS; CARMEN L. MIRANDA-TRISTANI<br>Plaintiffs<br>vs<br>ADMINISTRACION DE COMPENSACION DE ACCIDENTES DE AUTOMOVILES, a/k/a ACAA; DORELISSE JUARBE; EDWIN BARRETO-BOSQUES; GERARDO VAZQUEZ; GABRIEL VEGA; EDRICK VELEZ<br>Defendants | CIVIL 14-1783CCC |

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss (**D.E. 36**) filed by defendants Administración de Compensaciones de Accidentes de Automóbiles ("ACAA") and Dorelisse Juarbe in her official capacity, plaintiffs' opposition (D.E. 39) and defendants' reply (D.E. 59). Pursuant to 42 U.S.C. § 1983, plaintiffs Viviana Ramírez-Vargas and Carmen L. Miranda-Tristani filed this action claiming gender discrimination, sexual harassment, and retaliation in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as extended to Puerto Rico, and in violation of Article II, Sections 1 and 7 of the Puerto Rico Constitution. For the reasons stated herein, defendants' Motion to Dismiss the complaint as barred by the Eleventh Amendment is hereby DENIED. The Court notes that after the filing of the dismissal motions plaintiffs were granted leave to amend the complaint to add a Title VII claim.

Defendants argue that the original complaint must be dismissed based on Eleventh Amendment immunity. The Eleventh Amendment bars suits brought in federal court for monetary damages against a state except where it has waived its immunity or consented to suit. U.S. CONST. amend. XI. Puerto Rico is considered a state for the purposes of Eleventh Amendment analysis. *Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935, 939 (1st Cir. 1993). Absent waiver, neither Puerto Rico nor agencies acting under its control may be subjected to suit in federal court. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.* 506 U.S. 139, 142 (1993). Eleventh Amendment immunity protects not only the state, but "arms" of the state. *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Company of the Commonwealth of Puerto Rico*, 818 F.2d 1034, 1036 (1st Cir. 1987). ACAA bears the burden of proving that it is indeed an arm of the state. *Wojcik v. Massachusetts State Lottery Commission*, 300 F.3d 92, 99 (1st Cir. 2002).

"[W]here an entity claims to share a state's sovereignty and the state has not clearly demarcated the entity as sharing its sovereignty, there is great reason for caution. It would be every bit as much an affront to the state's dignity and fiscal interest were a federal court to find erroneously that an entity was an arm of the state, when the state did not structure the entity to share its sovereignty. . . . In an era when many states face budget crises and impose cutbacks on recognized state agencies, yet another claimant on the treasury may not be welcomed." *Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico & the Caribbean Cardiovascular Center Corp.*, 322 F.3d 56, 63-64 (1st Cir. 2003).

*Fresenius* discussed the two-step analysis required by *Hess v. Port Authority Trans-Hudson Corporation*, 513 U.S. 30 (1994). The first step

concerns how the State has structured the entity. This structural analysis aimed at evaluating whether the State structured the agency to be an arm of the State includes consideration of the following Hess indicators: (1) the extent of State control, including the appointment of Board members and the power of the State to veto Board actions or add to the entity's responsibilities, (2) whether the enabling statute typed the entity as a State agency rather than as a body corporate or a municipal instrumentality, (3) whether the agency's functions are readily classified as typically State or unquestionably local, (4) whether the entity was conceived as a fiscally independent entity that generates its own revenues.

As *Hess* teaches, when the agency is structured, despite the State's control over its executives, planning and administration so as to be "self-sustaining, *id.*, at p. 50, it falls outside the Eleventh Amendment shield. *See also Royal Caribbean Corp. v. Puerto Rico Ports Authority*, 973 F.2d 8 (1st Cir. 1992). This is so because the core concern of Eleventh Amendment immunity is to protect an agency that depends on its survival on the financial safety provided by the State on a broad dimension.

It is undisputed that ACAA generates its own revenues and pays its own debts and has never exposed the Treasury of Puerto Rico to liability for judgments against it. As repeatedly stated in *Hess*, "the state treasury factor is the most important factor to be considered . . . and in practice, [courts] have generally accorded this factor dispositive weight." *Id*., at p. 49.

ACAA maintains that the Commonwealth of Puerto Rico has enacted legislation transferring fiscal resources from ACAA to fund other public projects of the Commonwealth. As did PATH in *Hess*, ACAA contends that depriving it of Eleventh Amendment immunity would reduce its available surplus to fund

such projects producing an effect equivalent to the impact of a judgment directly against the Commonwealth. *Hess* rejected this argument, stating that such "reasoning misses the mark." *Id*., at p. 51. The Court indicated that:

> [t]he proper focus is not on the use of profits or surplus, but rather is on losses and debts. If the expenditures of the enterprise exceed receipts, is the State in fact obligated to bear and pay the resulting indebtedness of the enterprise? When the answer is "No" – both legally and practically – then the Eleventh Amendment's core concern is not implicated.

*Id*.

Even were we to consider this ultimate inquiry, ACAA is not protected by the Eleventh Amendment. The clear wording of ACAA's enabling statute reflects that the Commonwealth is not assuming an obligation to pay ACAA's debts but would only transfer funds required to cover a deficiency, as an advance, if its receipts and reserves accrued in any specific year were insufficient to cover the losses or the expenses incurred during that year. As provided in 9 L.P.R.A. § 2064(5):

> (5) If in any year the receipts and the reserves accrued are not sufficient to cover the losses and the expenses incurred, the Secretary of the Treasury shall provide to the Administration from any funds available in the general fund of the Government, <u>as an advance</u>, the sums required to remediate [cover] the deficiency.

(Emphasis ours.)

Section 2065 spells out concretely that said funds advanced to cover a deficiency have to be repaid by ACAA to the Commonwealth's treasury:

> The sum of one million dollars ($1,000,000) is hereby appropriated from unencumbered funds in the Commonwealth Treasury to the Administration as initial capital to carry out the purposes of this chapter. The sum herein appropriated as well as <u>the sums that may be paid to the Administration under subsection (5) of § 2064 of this title, shall be as an advance, and shall be reimbursed to the general fund as soon as the financial situation of the Administration permits it.</u>
>
> The Board of Directors in accordance with the Secretary of the Treasury shall determine the manner of payment. To these effects,

> the Secretary of the Treasury is hereby authorized to investigate the books of the Administration while the totality of the debt has not been settled.

(Emphasis ours.)

As ACAA is financially self-sufficient for it generates its own revenues and pays its own debts, it is not entitled to Eleventh Amendment immunity. Accordingly, its Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)-Eleventh Amendment Immunity (**D.E. 36**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on March 23, 2016.

S/CARMEN CONSUELO CEREZO
United States District Judge